Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CIERA BENCH, | ) Case No.: 1:16-cv-19 |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| | ) |
| UNIFUND CCR, LLC, an Ohio limited liability company, HOWELL & VAIL, LLP, an Idaho limited liability partnership, | ) |
| Defendants. | ) |

COMES NOW the Plaintiff Ciera Bench, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim for abuse of process.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Ciera Bench is a natural person residing in Butte County, Idaho, and is a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Unifund CCR is an Ohio limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 10625 Techwoods Circle, Cincinnati, OH 45242.

4. Unifund is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Unifund is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Howell & Vail is an Idaho limited liability partnership engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1855 N. Lakes Place, Meridian, ID 83464.

7. Howell & Vail is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Howell & Vail is licensed to do business in Idaho and can be served through its registered agent, Michael B. Howell, 1855 N. Lakes Place, Meridian, ID 83464.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

**GENERAL ALLEGATIONS**

11. Unifund is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

12. Unifund has contracted with Howell & Vail to perform collection efforts on debts allegedly owed by Idaho residents.

13. Those collection efforts include filing suit in Idaho.

14. Upon information and belief, Unifund provides standard operating procedures which it expects

Howell & Vail to follow.

15. Howell & Vail functions as an agent of Unifund.

16. In 2005, while living in North Carolina, Ms. Bench obtained a credit card from Citibank.

17. She later moved to Ada County, Idaho.

18. She moved to Butte County, Idaho in May of 2014.

19. On November 7, 2014, Unifund, through its attorneys Howell & Vail, filed a lawsuit against Ms. Bench in Ada County.

20. On December 22, 2014, process server Steven Munson of Attorneys Messenger Service attempted to serve Ms. Bench in Ada County.

21. Mr. Munson was informed Ms. Bench resided in Arco, Butte County, at the time.

22. Mr. Munson was functioning as an agent of Defendants in attempting to serve process on their behalf.

23. Despite actual knowledge that Ms. Bench did not reside in Ada County, Defendants continued to pursue their lawsuit against her in Ada County.

24. In fact, on May 8, 2015, Defendants filed a motion for extension of time to serve the complaint.

25. An order granting an extension of time was signed May 18, 2015.

26. On May 26, 2015 the Butte County Sheriff received the Ada County lawsuit against Ms. Bench, presumably with instructions to serve it on her in Butte County.

27. On May 30, 2015, Ms. Bench was served with the lawsuit in Butte County.

28. On June 2, 2015, Mr. Munson's not-found affidavit of service was finally filed with the Ada County Court.

29. Ms. Bench waited until June 19, 2015 before filing a motion to change venue to Butte County, giving Defendants as much time as possible to change the venue on their own.

30. Had Ms. Bench waited any longer to file a motion to change venue, she would have risked a default judgment being filed against her in a court 200 miles from her home.

### COUNT I: VIOLATION OF FDCPA - WRONG VENUE

31. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

32. 15 U.S.C. § 1692i requires that a debt collector bring a legal action only in the judicial district where the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action.

33. Ada County and Butte County are separate judicial districts.

34. The alleged contract sued upon, if entered into at all, was entered into in North Carolina.

35. At the commencement of the action, Ms. Bench resided in Butte County.

36. Therefore Defendants violated 15 U.S.C. § 1692i by suing Ms. Bench in Ada County, Idaho.

37. Ms. Bench incurred attorney's fees for having to have the action moved to the proper venue, Butte County, which are taxable as actual damages in this case.

38. Ms. Bench is entitled to statutory and actual damages due to Defendants' violation.

### COUNT II: ABUSE OF PROCESS

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. Defendants took a willful act to use the legal process by filing a lawsuit against Ms. Bench.

41. That lawsuit was improper as the alleged debt Defendants sought to collect was not entered into in Ada County, nor did Defendants have a good faith basis to believe Ms. Bench lived in Ada County as she had moved six months before the lawsuit was filed.

42. Upon information and belief, Defendants filed suit in Ada County for their own convenience, rather than following the venue rules under 15 U.S.C. § 1692i.

43. Upon information and belief, Defendants filed suit in Ada County in an effort to force Ms. Bench

to either travel to Boise for a trial on a small debt, or enter a payment plan because it would cost more to defend herself than it would to just pay.

44. Such action constitutes an ulterior, improper purpose for filing suit.

45. Ms. Bench is entitled to actual and punitive damages due to Defendants' violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.  Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C.  Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E.  In the event of default judgment, for attorney fees in the amount of $2,000.00,

F.  For Court costs; and

G.  For such other and further relief as may be just and proper.

DATED: January 14, 2016

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC
