KRISTOFFER R. SPERRY ISB #8749
MICHAEL B. HOWELL ISB #1799
HOWELL & VAIL, LLP
ksperry@howellanvail.com
mbhowell@howellandvail.com
P.O. Box 330
Meridian, ID 83680
Telephone:  (208) 336-3331
Facsimile:  (208) 331-1704

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CIERA BENCH,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNIFUND CCR, LLC, an Ohio limited liability company, HOWELL & VAIL, LLP, an Idaho limited liability partnership,<br><br>    Defendant(s). | Case No. 1:16-CV-19<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |

COMES NOW the Defendants UNIFUND CCR, LLC, an Ohio limited liability company, and HOWELL & VAIL, LLP, an Idaho limited liability partnership, ("Defendants") by and through their attorney, Kristoffer R. Sperry, hereby answer Plaintiff's Complaint as follows.

1.

**INTRODUCTION**

Defendants admit that plaintiff purports to bring this action, but deny the remaining allegations in Paragraph 1.

2.

**PARTIES, JURISDICTION, AND VENUE**

Defendants lack sufficient information to form a belief as to the truth of where Plaintiff resided at the time filing this action, and therefore, deny that allegation, but admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3).

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 1

3.

Admit paragraph 3.

4.

Admit paragraph 4.

5.

Admit paragraph 5.

6.

Admit paragraph 6.

7.

Admit paragraph 7.

8.

Admit paragraph 8.

9.

Admit paragraph 9.

10.

Admit that Venue is proper because parties reside or transact business here but deny remaining allegations in paragraph 10.

11.

**GENERAL ALLEGATIONS**

Admit that Unifund is a company which purchases charged-off debts but remaining allegations are too vague/ambiguous to admit, and therefore deny the remaining allegations in paragraph 11.

12.

Admit paragraph 12.

13.

Admit paragraph 13.

14.

Admit paragraph 14.

15.

Paragraph 15 requires a legal conclusion to which no admission or denial is required; to the extent a response is required, Defendants deny the allegations in paragraph 15.

16.

Admit that Ms. Bench obtained a credit card from Citibank. Defendants lack sufficient information to form a belief as to the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 2

truth of where Plaintiff lived in 2005 and deny the remaining allegations in paragraph 16.

17.

Admit paragraph 17, insofar as "she" refers to Ms. Bench.

18.

Insofar as "she" refers to Ms. Bench; defendants lack sufficient information to form a belief as to the truth of when Ms. Bench moved to Butte County, Idaho.

19.

Admit paragraph 19.

20.

Admit paragraph 20.

21.

Paragraph 21 is ambiguous/vague; to the extent a response is required, Defendants admit that on December 22, 2014, the occupant of 745 S. Black Cat Rd., Meridian, ID 83642 said that Ms. Bench moved to Arco, Idaho and that Ms. Bench lives in Arco, ID. Defendants deny the remaining allegations in paragraph 21.

22.

Paragraph 22 requires a legal conclusion to which no admission or denial is required; to the extent a response is required, Defendants deny the allegations in paragraph 22.

23.

Insofar as Paragraph 23 infers that prior to serving Ms. Bench, the Defendant's had actual knowledge that Ms. Bench did not reside in Ada County at the time they filed suit, Defendants deny. Only upon receiving the Butte County Sheriff's affidavit of service on June 11, 2015, did Defendants have actual knowledge that Ms. Bench had at some time relocated to Butte County, Idaho. Defendants admit that the only action taken after receiving knowledge that Ms. Bench had at some point moved to Butte County, Idaho was file a certificate of service with the court on June 23, 2015, and consent to the request to change venue to Butte County, Idaho. Defendants deny the remaining allegations in paragraph 23.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 3

24.

Admit paragraph 24.

25.

Admit paragraph 25.

26.

Admit that the Butte County Sheriff first received the Ada County summons and complaint on April 20, 2015 but was unable to find and serve Ms. Bench. The summons and complaint were then returned to the Butte County Sheriff on May 26, 2016 for service upon Ms. Bench.

27.

Deny the allegations in paragraph 27; Ms. Bench was served in Butte County on May 28, 2015.

28.

Admit paragraph 28.

29.

Admit that Ms. Bench did file a motion to change venue but deny all other allegations in paragraph 29.

30.

Deny the allegations in paragraph 30.

31.

**COUNT I: VIOLATION OF FDCPA - WRONG VENUE**

Defendants admit and deny the allegations contained in paragraph 31 as set forth in their responses to paragraphs 1 through 30 of this Answer.

32.

Paragraph 32 is a citation of law to which no admission or denial is required.

33.

Admit paragraph 33.

34.

Admit that there was a contract sued upon but deny the remaining allegations in paragraph 34.

35.

Defendants lack sufficient information to form a belief as to the truth of where Plaintiff resided at the commencement of the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 4

action and therefore deny that allegation.

36.

Deny the allegations in paragraph 36.

37.

Defendants lack sufficient information to form a belief as to whether attorney's fees were incurred; therefore deny that allegation. Defendants admit that Ms. Bench did file a motion to change venue which could have been entirely avoided had her attorney requested a change of venue from Defendants.

38.

Deny the allegations in paragraph 38.

39.

**COUNT II: ABUSE OF PROCESS**

Defendants admit and deny the allegations contained in paragraph 39 as set forth in their responses to paragraphs 1 through 38 of this Answer.

40.

Admit that Defendants filed a lawsuit against Ms. Bench; insofar as this paragraph infers any wrongdoing, Defendants deny the remaining allegations in paragraph 40.

41.

Deny the allegations in paragraph 41.

42.

Deny the allegations in paragraph 42.

43.

Deny the allegations in paragraph 43.

44.

Deny the allegations in paragraph 44.

45.

Deny the allegations in paragraph 45.

46.

Except as specifically admitted, Defendants deny each and every allegation of the complaint (including any purported allegations in the prayer for relief).

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 5

## AFFIRMATIVE DEFENSES

Having answered Plaintiff's Complaint, Defendants allege the following affirmative defenses.

47.

Plaintiff's complaint fails to state factual matter sufficient to constitute a claim against Defendants upon which relief can be granted.

48.

To the extent Plaintiff is able to prove a violation of the FDCPA, which is specifically denied, any such violation was unintentional and resulted from good faith, bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

49.

Any alleged violation of the FDCPA, which is specifically denied, was technical, non-material and/or de minimis in nature and, therefore does not support a finding of liability or an award of damages or attorney's fees.

50.

Plaintiff's damages, if any, were caused or aggravated by her own failure to use reasonable diligence to mitigate them.

51.

Plaintiff failed to notify or otherwise inform Defendants that she had moved to Butte County and could have requested a stipulation to change venue.

52.

Defendants acted in good faith at all times.

53.

Plaintiff's claim for Abuse of Process fails to state a claim as the elements are lacking, in that there was never a definite act or threat not authorized by the process, or aimed at an object not legitimate in the use of the process.

54.

Plaintiff's claim for Abuse of Process is frivolous, and Plaintiff's attorney knows, or should have known this claim was

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES- 6

frivolous.

## RESERVATION AND RIGHT TO AMEND

56.

Defendants reserve their right to amend and to raise further defenses or claims, as relevant information becomes available.

WHEREFORE, Defendants pray for judgment in its favor; for dismissal of Plaintiff's claims with prejudice; for its costs and disbursements; and for any further relief that the court decides is proper.

DATED: May 19, 2016

HOWELL & VAIL, LLP

/s/Kristoffer R. Sperry
BY KRISTOFFER R. SPERRY ISB No.8749
ksperry@howellandvail.com
Telephone: (208) 336-3331
Facsimile: (208) 331-1704

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ANSWER AND AFFIRMATIVE DEFENSES was electronically filed with the Clerk of the Court using the CM/ECF system on May 19, 2016, which constitutes service on below counsel who is a registered electronic filing user, pursuant to FED. R. Civ. P. 5(b)(2)(D):

Ryan Ballard
Ballard Law, PLLC
ryanballardlaw@gmail.com